UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21549-CIV-HUCK/BANDSTRA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

ALLEN E. WEINTRAUB & AWMS
ACQUISITION, INC., d/b/a STERLING
GLOBAL HOLDINGS,

    Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Counterclaims. D.E. #18.  As further discussed below, the Court grants the motion because it finds that Section 21(g) of the Securities Exchange of 1934 (the "Exchange Act"),15 U.S.C. § 78u(g), bars counterclaims against the Securities and Exchange Commission ("the Commission") in the same proceeding as an action for equitable relief, absent the consent of the Commission.

**I.**    **Background**

The Commission brought this enforcement action against Allen E. Weintraub and AWMS Acquisition, Inc., d/b/a Sterling Global Holdings on May 3, 2011. The Commission alleges in its Complaint that Defendants violated Sections 10(b) and 14(e) of the Exchange Act and Rules 10b-5 and 14e-8 thereunder. D.E. #1.   The Commission requests equitable relief including permanently restraining and enjoining Weintraub from violations of these provisions. *Id.*  On August 4, 2011, Defendant Weintraub filed an Answer to the Complaint in which he asserted six counterclaims against the Commission. D.E. # 17.  On August 11, 2011, the Commission moved to strike Weintraub's counterclaims. D.E. #18.  For the reasons stated below, the Commission's motion to strike Weintraub's counterclaims will be granted.

**II.     Discussion**

The Commission argues that this Court must strike Weintraub's counterclaims because Section 21(g) of the Exchange Act "bars counterclaims filed in SEC enforcement actions without SEC consent." D.E. # 18.  Weintraub, on the other hand, argues that this section is not meant to apply to counterclaims.   He states that "[t]his section was written with the sole purpose of consolidating multiple cases. . . [t]he counterclaim deals with the same case."  D.E. #22.

Section 21(g) of the Exchange Act provides:  "Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with *other actions not brought by the Commission*, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission" (emphasis added).  15 U.S.C. § 78u(g).

In essence, the Commission is arguing that Weintraub's counterclaims constitute "actions not brought by the Commission" under Section 21(g). Further to this interpretation, unless the Commission consents, Weintraub would not be able to consolidate his counterclaims with the Commission's action since the Commission is not providing consent to consolidation.  D.E. #19. Weintraub appears to argue that such counterclaims should not be considered "other actions" within the meaning of this section.

The question presented is whether counterclaims by non-Commission parties constitute "actions not brought by the Commission" within the meaning of Section 21(g) of the Exchange Act.  While no federal circuit court of appeals has considered this question, many federal district courts have.  In each instance, the relevant federal district court found that Section 21(g) bars counterclaims by non-Commission parties in Commission enforcement actions.  *See, e.g., SEC v. Wealth Management LLC*, 2009 WL 3765395 at 2 (E.D. Wis. Nov. 9, 2009) ("§ 21(g) has been routinely employed to dismiss third-party complaints and counterclaims."); *accord SEC v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999); *SEC v. Better Life Club of Am.*, Inc. 995 F. Supp. 167, 180 (D.D.C. 1998); and *SEC v. Electronics Warehouse, Inc.,* 689 F. Supp. 53, 72 (D. Conn. 1988).  Furthermore, other federal district courts, including the United States District Court for the Southern District of Florida, have set forth complimentary interpretations of Section 21(g) in cases where counterclaims were not in issue.  *See, e.g.*, *SEC v. Heartland Group, Inc.*, No. 01–

1984, 2003 WL 103015, at 2 (N.D.Ill. Jan.10, 2003) ("[w]hile this section may not explicitly refer to intervention, cross-claims, counter-claims or third-party complaints by name, many courts have concluded such procedural devices to be barred because § 21(g) acts as an 'impenetrable wall"); and *SEC v. Brandt*, 1995 WL 215220 (S.D. Fla. Mar. 7, 1995) (barring cross-claim and third-party claim based on Section 21(g) where counterclaim was not in issue).  By contrast, no court has taken Weintraub's position that counterclaims are not actions under Section 21(g).  As a result, this Court is persuaded that counterclaims by non-Commission parties constitute "actions not brought by the Commission" within the meaning of Section 21(g) of the Exchange Act.  Given the Commission's refusal to consent to the consolidation of Weintraub's counterclaims with its enforcement action, the counterclaims are therefore barred.  Accordingly, the Commission's motion to strike Weintraub's counterclaims is granted and the counterclaims are stricken from the action.[1]

### III. Conclusion

For the reasons stated above, it is

ORDERED AND ADJUDGED that Defendant's Motion to Strike Defendant's Counterclaims is GRANTED.

DONE and ORDERED in Chambers at Miami, Florida this 15th day of September, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record

---

[1] On motion of the Defendant, the Court is striking these counterclaims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure which permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To the extent that counterclaims fall outside the scope of Rule 12(f), this Court alternatively treats Defendant's motion as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On the same basis, the Court would grant Defendant's motion to dismiss (rather their motion to strike) the counterclaims.